MUNFORD, Defendant in Error, *vs.* WILSON *et al.*, Plaintiffs in Error.

1. Upon an inquiry of damages after a judgment by default upon a *quantum meruit* or *indebitatus* count by an attorney for services rendered, evidence of a *contract* is not admissible, nor can it be shown, for the purpose of increasing the amount of the recovery, that by the contract, the fee depended upon a contingency.

2. Where a defendant upon whom an order for the production of a paper is made, answers that the paper is in the hands of a third party, by whom it is held for defendant and others, but does not state that the paper is not *under his control,* it is no error for the court to take the contents of the paper, as stated by the plaintiff in his petition to be true.

*Error to St. Louis Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court when the cause was formerly here, (15 Mo. Rep. 557,) and in the opinion which follows.

*C. B. Lord* and *C. Gibson,* for plaintiff in error. · 1. The court below erred in deciding that it stood admitted that the paper referred to in plaintiff's petition for the production of papers, was executed, and that its contents were truly stated. The affidavit was sufficient to excuse the parties from contempt. The paper was illegal evidence, and if the parties were in contempt, the court could not punish it by admitting illegal evidence. New Code, §4, art. 24. 2. It was error to permit Munford to prove what his services were worth, if he was only to be paid in case of success. He was suing for what his services were reasonably worth, and could not be permitted to

show any contract that he was only to be paid upon a contingency. If there was a special agreement he should have declared upon it. 3. The court erred in allowing the contract to go to the jury, as the plaintiff sued upon a *quantum meruit*.

*T. Polk* and *M. L. Gray*, for defendant in error. 1. The court was authorized to make the order it did in regard to the contents of the paper being admitted. Art. 24, §4 of new code. The defendants were in contempt, and the course adopted by the court was less severe upon the defendants than it would have been authorized to adopt. 2. The court properly told the jury that they were authorized to take into consideration the fact that the plaintiff's fee was contingent, in fixing the value of his services. His petition was not, strictly speaking, a count upon a *quantum meruit*. It was for an indebtedness to a specified amount. Even if it was technically a count upon a *quantum meruit*, still, whatever affected the value of the services was admissible. 3. The contract was not admitted as the basis of the plaintiff's claim, but the jury were told that it was merely to be regarded as evidence tending to show what the parties whose names are signed to it, estimated would be the value of the plaintiff's services.

Scott, Judge, delivered the opinion of the court.

This case was once before in this court, and will be found reported in the 15th volume Missouri Reports, 540. When here, it was remanded, in pursuance to an agreement that, if it should be determined that the plaintiff was not entitled to recover on the special contract, he should have leave to amend and declare upon a *quantum meruit*. This court, entertaining the opinion that no recovery could be had upon the special contract, the judgment was reversed and the cause remanded, to be proceeded on in pursuance to the agreement above recited. After the cause was sent back, there was a count in *indebitatus assumpsit* or a *quantum meruit* filed as a petition, and on it there was a judgment by default. The proceedings sought to be reviewed here, occurred whilst executing a writ of

inquiry. One of the witnesses was asked what the plaintiff would deserve to have for his services if he was only to be paid in the event of success ? This course of examination was objected to by the defendants, but their objections were overruled, and they excepted. A similar course was pursued in the examination of most of the witnesses, against the objections of the defendants. The plaintiff offered in evidence a contract signed by the defendant, C. Hempstead, and her daughter, in which they agree to give to Albert Todd and the plaintiff, as a compensation for their services in prosecuting their suit, one-third of the amount they should recover. Todd, before the services were rendered, gave up this contract, and assigned it to the plaintiff, Munford. Exceptions were taken to the reading this paper. The suit which Munford prosecuted was compromised for $8,000, paid to the defendants, without the knowledge or consent of Munford. This action is to recover the value of Munford's services in that suit, and for " other benefits."

There was an order on one of the defendants to produce a paper alleged to be in her possession. In excuse for non-compliance with the order, said defendant stated that the paper was in the hands of another, held by him for her and the other defendants, and partly for other persons. Upon this, it was ordered, that the contents of the paper, as stated by the plaintiff, be taken as true.

The court gave the instructions which follow. 1st. If the jury believe from the evidence, that the plaintiff's fee was contingent, and that the contingency would affect the value of his services or the reasonable compensation which he ought to have for said services, then they may take that into consideration in fixing the compensation in this case. 2. It is for the jury to determine from the evidence, what the services of the plaintiff, set out in his amended petition, are reasonably worth.

The paper signed by Cornelia Hempstead and Cornelia V. Hempstead, offered in evidence, is not the basis of any claim of the plaintiff in this case, nor a valid subsisting contract, upon which the plaintiff has a right to recover here. It is for

the jury to consider it merely as evidence, tending to show what the parties, whose names are signed to it, supposed or estimated would be the value of the services that would be required of the parties therein named, concerning the matters stated in said paper. The nature, character and extent of the services are to be considered, and it is for the jury to say what they were reasonably worth, under all the circumstances under which they were rendered. 3. If there has been any thing paid to the plaintiff for his services, set out in the petition, the jury will deduct such payments, leaving entirely out of view the idea that there was any other agreement than that the plaintiff should receive for his services what they were reasonably worth.

There was a verdict for the plaintiff for the sum of $3119 84. After a motion for a new trial, the defendants brought the case here.

1. The general rules in England regulating pleadings in the several actions, virtually abolished the *quantum meruit* count. Before the formation of those rules, it was the opinion of the profession, that the *quantum meruit* count was unnecessary, as under the *indebitatus* count the plaintiff may recover, although there be no evidence of a fixed price. 1 Chitty, 374. The parties went into this trial under a stipulation, that there was no agreement as to the value of the services of the plaintiff. Under this view of the case, it is not deemed material whether the count is *indebitatus assumpsit* or a *quantum meruit.* It was evidently treated by the court, as it may be ascertained from the instructions given, as a count on a *quantum meruit.*

It is difficult to ascertain the principle by which the court below was governed in the execution of the writ of inquiry awarded in this cause. Whether the count was a *quantum meruit* or *indebitatus assumpsit* no rule would authorize the admission in evidence of the contingency of the payment, as an element in calculating the value of the services of the plaintiff. In executing a writ of inquiry, after a default on an *indebita-*

*tus* count for services rendered, the only inquiry is as to the value of the services rendered. It would be unfair to ask what would the services be worth, provided they were only to be paid for in the event of their being successful, and making that a basis for estimating their value. Such a question assumes that there was a contract relative to the services, when the form of the pleading does not justify such an inference, and it is moreover repelled by an express stipulation of the parties. If the question does not assume that there was a contract between the parties relative to the services, then it is totally irrelevant, and, as its answer might mislead the jury, it should not have been put. This whole proceeding was conducted in violation of the rules of law and against the agreement of the parties, from beginning to end. It is useless to attempt to uphold such verdicts. The admission of the contract between the defendants and Todd and the plaintiff, was evidently calculated to mislead the jury, and was in violation of the agreement under which the suit was tried. When the nature of the inquiry before the jury is considered, there is no principle on which its admission could be justified.

As the affidavit of C. Hempstead did not state, with sufficient clearness, whether the agreement sought to be read in evidence was under her control or not, and as it did not appear but that it was in her power, though in the hands of another, there was no error in the court in ordering its contents, as stated by the plaintiff, to be taken as true.

The instructions given by the court were clearly erroneous. The first and second instructions conflict with each other. The first directed the jury that, if they believe from the evidence, that the plaintiff's fee was contingent, and the contingency would affect the value of his services, then they might take that into consideration, in fixing the compensation of the plaintiff.

In the second instruction, the jury was informed that they were to consider the nature, character and extent of the plaintiff's services, and determine what they were worth from the evidence, leaving out of view that there was any other contract

between the parties than that the plaintiff should be paid what they were reasonably worth. Let it be borne in mind, that the only count in the petition was one in *indebitatus assumpsit* or a *quantum meruit*. The court says it was a *quantum meruit*, and by agreement, the case was to be tried on such a count. It would be a useless waste of time to show the inconsistency of these two instructions, and considered in reference to the subject of inquiry before the jury, the first was erroneous. It could only have any support in reason or law, on the supposition that there was a special contract that the plaintiff should only be paid in the event he was successful in the prosecution of the suit. The second affirms that there was no other contract between the parties than that the plaintiff should be paid what his services were worth. In one instruction, the jury are told, if the fee to be paid was contingent, they may regard that circumstance in fixing the value of the services. In another, they are directed that there was no such contract as that contemplated in the preceding instruction. The first instruction was not withdrawn, as it should have been, when the last was given, but they both went to the jury, and, so far from directing, they served only to confound and perplex, and left them in uncertainty as to the real matter about which they were deliberating.

The other judges concurring, the judgment will be reversed, and a new writ of inquiry awarded.