JOHN REED *et al.*, Respondents, *v.* PEPER TOBACCO WAREHOUSE COMPANY, Appellant.

### April 25, 1876.

1. An agreement whereby a corporation collecting the lawful fees due to certain officers is to retain part thereof, in consideration of forbearance of efforts to procure a repeal of the law by which the offices were created, is void.

2. If a corporation, collecting fees for tobacco inspectors, collect more than is allowed by law, and pay over the same, such over-payments cannot be set up as a counter-claim in a suit for fees collected and not paid over.

3. A counter-claim founded on *quantum meruit,* with a detailed account of items and separate charges, is not sustained by proof of a special contract fixing a lumping compensation for all the items together.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*A. M. Gardner*, for appellant, cited:  Wag. Stat. 726, sec. 30; 1 Pars. on Con. 19, 447; 1 Greenl. on Ev., secs. 10, 172; Dillon v. Chouteau, 7 Mo. 386; Armstrong v. Farrar, 8 Mo. 627; Hunt v. Robinson, 13 Mo. 82; Brown v. Lathrop, 4 Cow. 336; Barrock v. Austin, 21 Barb. 241; Howard v. Cobb, 3 Day, 309; Taylor v. Peck, 21 Gratt. 11; Tuttle v. Turner, 28 Tex. 759; Marks v. Bank of Missouri, 8 Mo. 316; Halsa v. Halsa, 8 Mo. 303; Mullanphy v. O'Reilly, 8 Mo. 675; 1 Pars. on Notes & Bills, 175; Frank v. Hough, 29 Ill. 145; Claflin v. McDonough, 33 Mo. 412; Lima Township v. Jenks, 20 Ind. 301; Miller v. Coates, 4 N. Y. (S. C.) 429; Knapp v. Hyde, 60 Barb. 80; Wolfe v. Marshall, 52 Mo. 167; 1 Story, secs. 491, 523, 524; Fisher v. Wilson, 18 Ind. 133; Shaw v. Barnhardt, 17 Ind. 183; Lewis v. McMillen, 41 Barb. 420; Wiggins v. Tudor, 23 Pick. 444; Brien v. Marquard, 17 Johns. 58.

*Dryden & Dryden, Pope & McGinnis*, for respondents, cited:  Morris v. Barnes, Admr., 35 Mo. 415; Wag. Stat. 723, sec. 12; Claflin v. McDonough, 33 Mo. 412; Wolfe v. Marshall, 52 Mo. 167; Woodworth v. Burnett, 43 N. Y. 273; Merritt v. Milliard, 4 Keyes, 208; Holdemess v. Baker, 44 N. H. 414; Tennant v. Elliott, 1 B. & P. 3; Chitty on Con. (10th Am. ed.) 730; Daly v. Timon, 47 Mo. 516; Western Boatmen's Savings Assn. v. Kribben, 48 Mo. 37; Bishop v. Ransom, 39 Mo. 416; Long v. Towl, 41 Mo. 398; Morgner v. Kister, 42 Mo. 466; Hannibal & St. Jo. R. R. Co. v. Mahoney, 42 Mo. 467; Collins v. Saunders, 46 Mo. 389; Ancil v. Cape Girardeau, 48 Mo. 80.

Lewis, J., delivered the opinion of the court.

Plaintiffs were tobacco inspectors from March 14, 1870, to March 25, 1871.  Their official fees were, by arrangement, collected from the tobacco dealers by defendant, and paid over weekly.  This suit was to recover a balance of $1,752.45, which, it was claimed, had been collected by

defendant, in excess of the sums accounted for to plaintiffs. The answer admitted the collection by defendant of inspection and auction fees on 11,683 hogsheads of tobacco, amounting to $8,762.25, of which it had paid over to plaintiffs the sum of $7,632. It alleged that the fees allowed by law to plaintiffs amounted really to only $7,301.87 ; so that plaintiffs had received more than they were entitled to by $330.13. Defendants denied any and all indebtedness to plaintiffs, and set up a counter-claim for a balance of $1,200 on an itemized account. Among the items were : charges for office rent ; for weighing hogsheads ; for commission on collections, at 10 cents per hogshead ; for amount paid to plaintiffs on 1,436 boxes of tobacco at 22 1-2 cents each ; for auction fees ; and for excess in payments over the fees which plaintiffs were lawfully entitled to receive. Plaintiffs replied, putting in issue the new matter contained in the answer, and specifically denying each item of the counter-claim.

The cause was sent to a referee for trial of all the issues.

The referee found and reported the facts to be substantially as follows : That, under the provisions of law in force prior to March 2, 1871, the plaintiffs were entitled to a fee of 75 cents for each hogshead of tobacco inspected. That on that day a new law went into effect, reducing the number of inspectors from three to one, and the fee to 25 cents per hogshead ; that, during the whole period from March 14, 1870, to March 26, 1871, the defendant collected from the tobacco dealers the inspectors' fees, at 75 cents per hogshead ; that, for some time prior to March 14, 1870, the plaintiffs Reed and Judd had been receiving from defendant the sum of 60 cents on each hogshead, instead of the 75 cents allowed them by law ; that an agreement to this effect had been entered into, "solely upon the consideration and for the reason that the defendant suggested and threatened that the law under which they held their offices would be repealed by defendant's procurement," unless said

plaintiffs so agreed; that when plaintiff Mercadier became an inspector, on March 14, 1870, he positively refused his assent to the arrangement, although urged thereto by the same considerations which had influenced his co-inspectors, and "asserted and declared that, if he took said 60 cents, he should at some future time assert his claim to the balance due;" that defendant continued, nevertheless, to pay over to plaintiff, weekly, "upon the basis of 60 cents per hogshead inspected, and that, during all that time, the defendant collected from the owners of said tobacco, as inspection fees, the sum of 75 cents on each hogshead; that all of said tobacco was inspected at defendant's warehouse, and that the fees due plaintiffs were collected by defendant from the customers of said warehouse for the convenience of all parties concerned." Upon the items of the counter-claims, the referee found all the issues for the plaintiffs.

The conclusions of law reached by the referee were, in effect, (1) that the agreement between plaintiffs and defendant, for a deduction from the fees of the former, was illegal and void; (2) that, as to the alleged payments by defendant to plaintiffs of fees collected in excess of what the law allowed at the time—which was after March 2, 1871—the sums having been voluntarily paid to defendant by the dealers, the latter could not now recover them back; and the defendant, having received and paid them over as a mere intermediary for the benefit of plaintiffs, had no more right to demand their return for any purpose.

The referee found, therefore, and reported that there was due from the defendant to plaintiffs the sum of 15 cents for each hogshead inspected during the period mentioned; and recommended a judgment in plaintiffs' favor for the sum of $1,752.45, being the aggregate thereof, and interest from the commencement of the suit, making in all the sum of $1,965.17. Defendant filed exceptions to the report, which were overruled, and judgment was rendered accordingly, from which defendant appealed.

Upon a careful examination of the voluminous testimony before the referee, we can find nothing to impeach the propriety of his findings.    There were some contradictory statements of the different witnesses, principally about immaterial facts; but the preponderating evidence upon the material issues was decidedly on the plaintiffs' side.   We are even hardly called upon to apply the rule which would forbid our weighing the testimony in a case where it simply tends to justify the finding by the referee.   The argument of counsel here against his conclusions ignores many of the most striking points in the evidence by which they are sustained.    It is insisted that the referee allowed defendant credit for only 60 cents paid to the plaintiffs as inspectors, when they in fact received 62 1-2 cents per hogshead.   Yet the uncontradicted testimony throughout shows the extra 2 1-2 cents were for auction fees, going to a particular person, in which the inspectors had no interest.   It appeared from the testimony that, as to the charge for office rent, it was distinctly declared by defendant's officers that nothing was to be charged therefor, under any circumstances ; plaintiff's occupancy being an especial convenience to defendant and its customers.   It was shown by defendant's testimony that, as a means of compelling plaintiff Mercadier to come into the arrangement for a confiscation of part of his lawful fees, an order was issued against the payment to plaintiffs of any part of the moneys collected for them, until they should unanimously concur in that arrangement.   It appeared, also, that the law maintaining three inspectors was regarded by defendant's officers as an oppressive and unnecessary burden upon the tobacco merchants.    That these officers, having it in their power, and feeling it a moral duty, to procure the abolition of the system, agreed, nevertheless, to permit its continuance only so long as their corporation might, under the arrangement with plaintiffs, share in the proceeds of the unfair exactions which the law imposed.

The referee's conclusions of law were without fault—unless it lay in the omission of one which, as the case stood, would have been equally pertinent and destructive of the entire defense, even if the alleged agreement had not been vitiated by the want of a lawful consideration. The counter-claim was founded on a *quantum meruit*, a detailed account setting forth the amount separately due to each item of service; yet the only attempt to sustain it was by proof of a special contract, in which, as alleged, it had been agreed that a retention of 15 cents per hogshead out of defendant's collections should compensate all these services in a lump. This contract having been fully executed, as charged, was inadmissible to sustain the counter-claim as presented in defendant's answer. *Munford* v. *Wilson*, 19 Mo. 669.

The proceedings in the court below were without error, and the judgment is affirmed. All the judges concur.